# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WENDY ANNE LEWIS,<br>          Appellant, | DOCKET NUMBER<br>AT-0845-19-0429-X-1 |
| v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>          Agency. | DATE: May 23, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wendy Anne Lewis, Davenport, Florida, pro se.

Tynika Faison Johnson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2]  Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1 This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's November 7, 2019 order in *Lewis v. Office of Personnel Management*, MSPB Docket No. AT-0845-19-0429-I-1, in which the administrative judge accepted the parties' settlement agreement into the record for enforcement purposes. *Lewis v. Office of Personnel Management*, MSPB Docket No. AT-0845-19-0429-I-1, Initial Appeal File (IAF), Tab 32, Initial Decision (ID). On May 29, 2020, the administrative judge issued a compliance initial decision finding the agency not in compliance with the Board's November 7, 2019 order. *Lewis v. Office of Personnel Management*, MSPB Docket No. AT-0845-19-0429-C-1, Compliance File (CF), Tab 7, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2 On April 18, 2019, the appellant appealed the determination by the Office of Personnel Management (OPM) that she had received an overpayment of her Federal Employees Retirement System (FERS) annuity in the amount of $15,378.10. IAF, Tab 1 at 3-4. On November 7, 2019, the administrative judge, pursuant to a settlement between the parties, issued an initial decision dismissing the appeal as settled and accepting the settlement agreement into the record for enforcement purposes. ID at 1-2. The settlement agreement called for the agency to accept a reduced amount to be deducted monthly from the appellant's annuity to repay the overpayment and extend the repayment period. Specifically, the agreement included the following term:

> [OPM] will accept repayment for current balance of $15,378.10 in full recovery of the annuity[.] [O]verpayment will be collected via installment [that] will be made from Ms. Lewis's annuity benefit @ $50.00 a month for 307 months with a final installment of $28.10.

IAF, Tab 30 at 5 (emphasis omitted). The initial decision became the final decision of the Board on December 12, 2019, when neither party petitioned for review. ID at 3.

¶3    On March 31, 2020, the appellant filed a petition for enforcement of the settlement agreement. CF, Tab 1. The appellant alleged that, for the annuity payment dated April 1, 2020, the agency deducted both the $50.00 amount and the final installment payment of $28.10. *Id*. at 4-5. In response, the agency admitted to withdrawing the $28.10, stating this withdrawal was due to its "current operating procedure" for final installment amounts that are different than the agreed upon monthly amount for the remainder of the repayment period. CF, Tab 4 at 3. In a May 29, 2020 compliance initial decision, the administrative judge found the agency not in compliance with the settlement agreement because the agency's withholding of the $28.10 from the April annuity payment, in addition to the $50.00, was in conflict with the plain language of the settlement agreement, which called for the $28.10 to be withheld only at the end of the repayment schedule. CID at 3-4. As a result, the administrative judge granted the appellant's petition for enforcement and ordered the agency to refund the $28.10 to the appellant, with interest. CID at 4.

¶4    Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Lewis v. Office of Personnel Management*, MSPB Docket No. AT-0845-19-0429-X-1, Compliance Referral File (CRF), Tab 1.

¶5    On July 7, 2020, the appellant informed the Board that the agency had refunded the $28.10 to her in her July 1, 2020 benefit check but also noted that the agency failed to pay interest on the refunded amount. CRF, Tab 2 at 3-4.

¶6      On July 14, 2020, the agency provided documentary evidence showing it had refunded the $28.10 to the appellant and requested that the Board dismiss the appellant's petition for enforcement.  CRF, Tab 3 at 4-8.  In a separate pleading filed the same day, the agency asserted that the administrative judge did not order it to pay interest and further claimed that interest should not be paid because the appellant still owed the Federal Retirement Fund a debt of over $10,000.00 that she was paying back interest-free.  CRF, Tab 4 at 3.  In response, the appellant asserted that the administrative judge did, in fact, order that interest be paid on the refunded amount.  CRF, Tab 5 at 3-4.

## ANALYSIS

¶7      A settlement agreement is a contract and, as such, will be enforced in accordance with contract law.  *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014).  The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order.  *Id.*  When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance.  *Id.*  The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.  *Id.*

¶8      The agency's outstanding compliance issues were its obligations to refund $28.10 to the appellant and pay her interest on that amount.  The parties' submissions show that the agency has refunded the $28.10 to the appellant.  CRF, Tab 2 at 3-4, Tab 3 at 4-8.  The parties dispute, though, whether interest is owed to the appellant on the refunded amount.  In this regard, the appellant is correct that the administrative judge did order the agency to pay interest.  CID at 4.  However, the amount of interest owed equates to approximately $0.27, and this *de*

*minimis* amount is insufficient to establish the agency as not in compliance.[3]  *See Boomer v. Department of the Navy*, 54 M.S.P.R. 541, 546 (*de minimis* amount of overtime owed was insufficient to entitle an award of overtime pay).

¶9    Accordingly, the Board finds the agency in compliance and dismisses the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] The agency further claims, without citing any authority, that paying interest to the appellant would be inappropriate under the circumstances.  CRF, Tab 4 at 3.  Because we find the agency to be in compliance due to the *de minimis* amount of funds owed, we do not address the agency's contention regarding whether interest would otherwise be owed.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.